LELA J. TEACHY, ADMINISTRATRIX OF THE ESTATE OF JAMES EVERETTE TEACHY, JR., PLAINTIFF v. COBLE DAIRIES, INC., A NORTH CAROLINA CORPORATION AND EDWARD DEAN HOLMES, ORIGINAL DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. DEPARTMENT OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA, THIRD-PARTY DEFENDANT

No. 818SC305

(Filed 17 November 1981)

**Appeal and Error § 6.2— appeal from denial of motion to dismiss—interlocutory**
    The denial of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is not immediately appealable.

APPEAL by the third-party defendant, Department of Transportation of the State of North Carolina, from *Battle, Judge.*

Order entered 4 February 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals on 22 October 1981.

This is a civil action wherein plaintiff seeks to recover damages for the wrongful death of her intestate allegedly resulting from the negligent operation of a truck owned by defendant Coble Dairies, Inc., and operated by the defendant Edward Dean Holmes at the intersection of N.C. Highway 111 and Highway 70 Bypass, East, in Goldsboro, North Carolina. The defendants Coble Dairies, Inc., and Holmes filed answers denying negligence and alleging contributory negligence. The defendants Coble Dairies, Inc., and Holmes filed a third-party complaint against the Department of Transportation of the State of North Carolina [hereinafter "Department of Transportation"] alleging that it was negligent in the maintenance of a stop light at the intersection where the collision occurred.

The Department of Transportation filed a motion to dismiss pursuant to G.S. § 1A-1, Rule 12(b) upon the following grounds:

1. The Court lacks jurisdiction of the subject matter presented by the third-party complaint in that neither the State of North Carolina nor any of its agencies or institutions may be sued in tort in the Superior Court of the State either as original party defendants or third-party defendants in that they are immune from said suits under the doctrine of sovereign immunity.

2. The complaint fails to state a claim against this third-party defendant upon which relief can be granted.

The third-party (Department of Transportation) appealed from the denial of the two motions.

*Taylor, Warren, Kerr & Walker, by John H. Kerr, III, for the third-party plaintiff appellees.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Ralf F. Haskell for the third-party defendant appellant.*

HEDRICK, Judge.

On 2 June 1981 the original defendants Coble Dairies and Edward Holmes filed in this Court a motion to dismiss the appeal as being from interlocutory orders. By order dated 16 June 1981 this

Court denied the motion. In its brief, the original defendants have renewed the motion.

The denial of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is not immediately appealable. The denial of a motion to dismiss on the grounds that the superior court lacks subject matter jurisdiction is not immediately appealable. We believe the decision in *Shaver v. N. C. Monroe Construction*, --- N.C. App. ---, --- S.E. 2d --- (filed 3 November 1981) is controlling and further elaboration in this case is unnecessary.

Appeal dismissed.

Judges CLARK and MARTIN (Harry C.) concur.